## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEMIAH JOYCE TORIX and <br> AUSTIN L. TORIX, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA and <br> NICHOLAS GENE BULL, D.O., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-19-086-RAW <br> ) <br> ) <br> ) <br> ) <br> ) |

## **O R D E R**

This matter comes before the Court on Plaintiffs' Motion to Compel Discovery (Docket Entry #29). On January 31, 2020, United States District Judge Ronald A. White referred the Motion to the undersigned for final determination.

Pertinent to the Motion, Plaintiff Demiah Joyce Torix ("Mrs. Torix"), as a member of the Cherokee Nation, sought treatment at the emergency room of the W.W. Hastings Hospital ("W.W. Hastings") on February 6, 2018. W.W. Hastings provides health care services through the Indian Health Service, an agency within the Department of Health and Human Services ("HHS"). Mrs. Torix alleges medical negligence by a facility employee and Defendant Nicholas Gene Bull, D.O., associated with the placement of a central venous line and the reading of her X rays. Plaintiffs allege that because of this negligence, Mrs. Torix suffered a stroke.

On April 19, 2018, Mrs. Torix filed an administrative claim, which was received by HHS on April 30, 2018. As part of HHS's investigation into her claim, HHS counsel contacted W.W. Hastings and requested a written statement from Timothy Hsieh, M.D., regarding his knowledge and involvement in Mrs. Torix's care. Dr. Hsieh provided his statement to HHS on June 18, 2018. Subsequently, Mrs. Torix's administrative claim was denied, and she filed her lawsuit on March 13, 2019, alleging medical negligence under the Federal Tort Claims Act. Dr. Hsieh's statement is the basis for Plaintiffs' Motion.[1]

Plaintiffs maintain that during Dr. Hsieh's deposition on December 16, 2019, he testified that in preparation for the deposition, he reviewed the statement he provided to HHS. Plaintiffs contend that because Dr. Hsieh relied upon his statement to refresh his memory, they are entitled to the production of the statement under Federal Rule of Evidence 612, unless the statement is subject to protection. Plaintiffs argue Defendant United States of America ("USA") has failed to raise a claim of work product pursuant to the requirements of Federal Rule of Civil Procedure 26(b)(5). They also contend that Dr. Hsieh's statement does not constitute work product under Federal Rule of Civil Procedure

---

[1] The parties conferred in good faith to resolve the matter, but they were unable to do so.

26(b)(3), because Dr. Hsieh testified that he generated the statement as an "automatic response" to Plaintiffs' administrative claim and not at the direction of an attorney. Plaintiffs further argue that even if Defendant USA can satisfy its burden of establishing Dr. Hsieh's statement is work product, Plaintiffs have a substantial need for the statement because Dr. Hsieh relied upon it to refresh his memory at his deposition, he is a critical fact witness for their medical negligence claim, and there is no other way to obtain the information without undue hardship.

Defendant USA responds that Dr. Hsieh did not review his statement in preparation for his deposition on December 16, 2019. Dr. Hsieh provided his statement at HHS's request to assist with the investigation of the administrative claim and to assist with the agency's defense. Defendant USA argues that because it has met its burden of showing Dr. Hsieh's statement is work product, Plaintiffs must demonstrate a substantial need for the statement and undue hardship. Defendant USA asserts Plaintiffs cannot satisfy their burden.

Upon review of Dr. Hsieh's deposition testimony, this Court finds that Dr. Hsieh did not review his statement in preparation for his deposition on December 16, 2019. Dr. Hsieh testified he reviewed the statement approximately six months before his deposition. He further testified that he only learned of his deposition approximately one month prior to being deposed, and he

did not review his statement during that time period. Thus, as a preliminary matter, Plaintiffs are not entitled to production of the statement under Rule 612, because Dr. Hsieh did not use the statement to refresh his memory in preparation for his deposition or during the deposition. *See* Fed. R. Evid. 612 ("This rule gives an adverse party certain options when a witness uses a writing to refresh memory: (1) while testifying; or (2) before testifying, if the court decides that justice requires the party to have those options.").

Moreover, this Court finds that Defendant USA has expressly raised a claim for work product protection of Dr. Hsieh's statement, and it has sufficiently described Dr. Hsieh's statement to allow for the Court to determine whether the work product protection applies. *See* Fed. R. Civ. P. 26(b)(5)(A)(i-ii).[2] Defendant USA also has demonstrated that Dr. Hsieh's statement constitutes work product. *See Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984) (finding party raising work-product

---

[2] As part of its response to Plaintiffs' Motion, Defendant USA included a declaration from James C. Anagnos, Assistant Deputy Associate General Counsel in the General Law Division, Office of General Counsel, HHS, confirming the receipt of an administrative claim from Plaintiff Demiah Joyce Torix on April 30, 2018, and the subsequent request from HHS to Dr. Hsieh for a statement regarding his participation in her care and treatment at W.W. Hastings. The declaration further outlined the statement was requested to assist HHS in its investigation of the administrative claim and in anticipation of litigation. Dr. Hsieh provided his statement on June 18, 2018. *See* <u>United States' Response in Opposition to Plaintiffs' Motion to Compel Discovery</u>, Exhibit A (Docket Entry #46-1).

4

doctrine as bar to discovery has the burden of establishing its applicability). Dr. Hsieh's statement is (1) a "document," (2) "prepared in anticipation of litigation or for trial," and (3) "by or for another party or by or for that other party's representative." *Oklahoma v. Tyson Foods, Inc.*, 262 F.R.D. 617, 625 (2009), quoting *Feldman v. Pioneer Petroleum, Inc.*, 87 F.R.D. 86, 88 (W.D. Okla. 1980) (internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(b)(3)(A).[3] Provided at the request of a HHS attorney after the filing of an administrative claim, Dr. Hsieh's statement was obtained in anticipation of litigation and constitutes ordinary or fact work product. *See Wells Fargo Bank, N.A. v. LaSalle Bank National Ass'n*, 2010 WL 2594828, at *5 (W.D. Okla. June 22, 2010) (noting the "[C]ourt[] should consider whether 'in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation'")(quotation omitted); *see also Tyson Foods, Inc.*, 262 F.R.D. at 626 (defining ordinary work product to include "materials generated by attorneys that are not opinion work product; e.g., witness statements, investigation reports, photographs, diagrams,

---

[3] Plaintiffs' argument that Dr. Hsieh's statement was merely generated as an "automatic response" and was not prepared at the HHS attorney's direction is not supported by Dr. Hsieh's deposition testimony. Dr. Hsieh testified that someone asked him to prepare a statement, he prepared it, and then he emailed it to whomever requested it.

5

and charts prepared in anticipation of litigation or for trial preparation").

However, even though the Court has determined that Dr. Hsieh's statement constitutes work product, Plaintiffs may overcome the protection if they can show a "substantial need for the materials to prepare [their] case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(i-ii); *see also Sanchez v. Matta*, 229 F.R.D. 649, 656 (D.N.M. 2004) (finding that once the initial burden for work product is met, the burden shifts to the opposing party to show the substantial need/undue hardship test is satisfied). The substantial need/undue hardship test applies only to ordinary or fact work product. *See Frontier Refining, Inc. v. Gorman-Rupp Co., Inc.*, 136 F.3d 695, 704 n.12 (10th Cir. 1998). "A substantial need exists where 'the info sought is essential to the party's defense, is crucial to the determination of whether the defendant could be held liable for the acts alleged, or carries great probative value on contested issues.'" *Nevada v. J.M. Mfg. Co., Inc.*, 555 Fed. Appx. 782, 785 (10th Cir. 2014), quoting *National Cong. for Puerto Rican Rights v. City of New York*, 194 F.R.D. 105, 110 (S.D.N.Y. 2000).

Plaintiffs characterize their substantial need for Dr. Hsieh's statement and the undue hardship they will suffer as follows:

> The Plaintiffs' contention is that substantial need is met here because the Plaintiffs have absolutely no ability to obtain this information contained within the report other than to obtain the report itself. This evidence is relevant, admissible, and it is a material fact in this case. Dr. Hsieh is a fact witness whose present sense and impressions and reports corroborate the facts of the matter. It would result in an undue hardship to the Plaintiffs to deprive them of this report because the Plaintiffs would have no way of knowing what Dr. Hsieh said in this report. These are material facts that the Plaintiffs have absolutely no way to obtain other than by obtaining this report. Therefore, the Plaintiffs submit that this is a situation where the report is substantially necessary to proving their claims and obtaining the information otherwise would result in undue burden because there is no other way to obtain this information.

<u>Plaintiffs' Reply to United States' Response in Opposition to Plaintiffs' Motion to Compel Discovery</u>, p. 4 (Docket Entry #51).

The Court finds Plaintiffs have not sustained their burden of showing a substantial need for Dr. Hsieh's statement or an inability to obtain the equivalent information by other means. As previously discussed herein, Dr. Hsieh's testimony established that he did not review his statement in preparation for his deposition. Moreover, Plaintiffs deposed Dr. Hsieh on December 16, 2019, and they do not argue that Dr. Hsieh had difficulty remembering information or that he refused to answer questions regarding the factual information known to him regarding Mrs. Torix's care while a patient at W.W. Hastings. *See generally*, *Resolution Trust Corp. v. Dabney*, 73 F.3d 262, 266 (10th Cir. 1995)(noting the work-product doctrine protects fact work product,

7

but "it does not protect facts concerning the creation of work product or facts contained within work product" from discovery); *see also Blair v. United States*, 1990 WL 171058, at *2 (D. Kan. Oct. 3, 1990) ("Courts have generally held that discovery of work product material will be denied if the party seeking discovery can obtain the information he desires by taking the deposition of the witnesses.")(citing cases); *S.E.C. v. Goldstone*, 301 F.R.D. 593, 663 (D.N.M. 2014) (finding notes and memoranda generated from witness interviews were protected where opposing party could depose the witnesses and obtain substantially the same information).

Accordingly, although the Court finds Dr. Hsieh's statement constitutes ordinary or fact work product, Plaintiffs have failed to satisfy their burden of showing a substantial need for the statement and that the same information cannot otherwise be obtained without undue hardship. Thus, Dr. Hsieh's statement is not subject to production.[4]

IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Discovery (Docket Entry #29) is hereby DENIED.

---

[4] Defendant USA also raised the attorney-client privilege as a basis for the Court to deny Plaintiffs' Motion. Because the Court has determined that Dr. Hsieh's statement is work product not subject to production, the Court does not address this argument.

IT IS SO ORDERED this 5th day of March, 2020.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE